

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-08-501-CV

ALVINO CHACON,                                                   Appellant,

v.

ANDREWS DISTRIBUTING COMPANY
LTD. AND ROBERT SANCHEZ,                                         Appellees.

## NUMBER 13-08-558-CV

ALVINO CHACON,                                                   Appellant,

v.

WAL-MART STORES, INC.,                                           Appellee.

## On appeal from the 105th District Court of Kleberg County, Texas.

# CONCURRING AND DISSENTING OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Concurring and Dissenting Opinion by Justice Yañez**

I agree with the majority's holding in appellate cause number 13-08-501-CV, affirming summary judgment in favor of appellees, Andrews Distributing Company and Robert Sanchez, on the basis of limitations. I disagree, however, with the majority's holding in appellate cause number 13-08-558-CV, reversing summary judgment in favor of appellee, Wal-Mart.[1] I would hold that the trial court properly granted summary judgment in Wal-Mart's favor because: (1) appellant Alvino Chacon's first petition was filed with intentional disregard of proper jurisdiction, and section 16.064's tolling provisions are thus inapplicable;[2] (2) Chacon failed to create a fact question regarding this issue; and (3) absent application of the tolling provision, Chacon's suit is barred by limitations.

### Wal-Mart's Motion for Summary Judgment

A defendant who moves for summary judgment based on limitations must establish the defense as a matter of law.[3] To satisfy this burden, the defendant must conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court.[4]

It is undisputed that Chacon's cause of action accrued on or about October 6, 2003, and that the present suit was filed in Kleberg County District Court on August 1, 2007. Thus, Chacon's suit is barred by limitations unless, as Chacon contends, section 16.064's tolling provision applies.[5]

---

[1] Appellee notes that its proper designation is "Wal-Mart Stores Texas, LLC," and that it is incorrectly named in this case as "Wal-Mart Stores, Inc." I will refer to appellee as "Wal-Mart."

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (Vernon 2008).

[3] *Diaz v. Westphal*, 941 S.W.2d 96, 97-98 (Tex. 1997) (citing *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983)); *French v. Gill*, 252 S.W.3d 748, 751 (Tex. App.–Texarkana 2008, pet. denied) .

[4] *Diaz,* 941 S.W.2d at 98; *French*, 252 S.W.3d at 751.

[5] Section 16.064 provides a tolling provision for litigation initially filed in a court without jurisdiction if, within sixty days of the dismissal for lack of jurisdiction, suit is filed in a court of proper jurisdiction and if the initial filing was not done with intentional disregard of proper jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE

In its motion, Wal-Mart argues that section 16.064 is inapplicable because Chacon's first filing was made with intentional disregard of proper jurisdiction. Citing *Parker v. Cumming*,[6] Wal-Mart argues that each of Chacon's first three petitions—his Original Petition, Amended Original Petition, and Second Amended Original Petition—assert that "[t]he court" (the Kleberg County Court-at-Law) has jurisdiction pursuant to section 25.1802 of the government code.[7] Section 25.1802, however, pertains to jurisdiction of county courts-at-law in *Nueces County*, not Kleberg County. Kleberg County Court-at-Law is limited in its jurisdictional maximum amount in controversy to $100,000.[8] Chacon's Amended Original Petition and Second Amended Original Petition in Kleberg County Court-at-Law specified damages of $1,000,000.00—far in excess of the court's jurisdictional limits.

Wal-Mart addresses Chacon's arguments regarding two different alleged "mistakes:" (1) that the lawyers and staff responsible for filing the suit were not aware of the county court's maximum jurisdictional limits, and (2) that the lawyers and staff were not aware of the full extent of Chacon's damages. With respect to the first "mistake," Wal-Mart notes that in her affidavit, Debra R. Garcia, legal secretary for Gregory H. Herrman,[9] states that she filed the case in the county court-at-law

---

ANN. § 16.064.

[6] *Parker v. Cumming*, 216 S.W.3d 905, 910 (Tex. App.–Eastland 2007, pet. denied) ("Absent some evidence of accident or mistake, filing suit with a pleading that on its face establishes the court's lack of jurisdiction does not invoke Section 16.064's tolling provision.").

[7] *See* TEX. GOV'T CODE ANN. § 25.1802 (Vernon Supp. 2008).

[8] *See id.* §§ 25.003(c), 25.1392 (Vernon 2004).

[9] The record contains two affidavits by Ms. Garcia—one dated June 19, 2007, filed in the county court-at-law, and a second dated August 14, 2008, filed in the district court. Wal-Mart refers to the June 19, 2007 affidavit.

not knowing that the jurisdictional limits were over and beyond Mr. Chacon's damages. I assumed that the jurisdictional limits for the County Court at Law in Kleberg County ran concurrent with their District Court as they do in Nueces County, Texas, where I file the majority of Herrman & Herrman's lawsuits. Filing this lawsuit in the County Court at Law where it lacked jurisdiction was not intentional but was due to not having all of the correct information.

Wal-Mart contends that this alleged "mistake" is not the type of "good faith mistake concerning a defendant's residence or principal place of business or when calculating the amount in controversy" that invokes the application of section 16.064.[10] I agree. As the *Parker* court noted, "[a]ll persons are presumed to know the law and are charged with knowledge of statutory provisions."[11] Here, by including a jurisdictional paragraph that referenced Nueces County, Chacon's original petition on its face established the Kleberg County Court's lack of jurisdiction. Chacon's Amended Original Petition and Second Amended Original Petition also established the county court's lack of jurisdiction on the face of the pleadings by including the jurisdictional paragraph referencing Nueces County and specifying damages in excess of the county court's jurisdictional limits.

With respect to the second alleged "mistake"—Chacon's argument that his lawyers were unaware of the extent of his injuries—Wal-Mart notes that Cindy Trigo, a legal assistant with the Herrman firm, attempted to settle Chacon's case before suit was filed, and that she could not have attempted to do so in good faith without knowledge of the extent of Chacon's damages.[12] Moreover, regardless of who did or did not have knowledge of the extent of Chacon's damages, Garcia's affidavit establishes that she filed the case

---

[10] *Parker*, 216 S.W.3d at 909-10.

[11] *Id.* at 911 (citing *Virtual Healthcare Servs., Ltd. v. Laborde*, 193 S.W.3d 636, 644 (Tex. App.–Eastland 2006, no pet.)).

[12] In his response to Wal-Mart's motion, Chacon included the affidavit of Cindy Trigo, the legal assistant with the Herrman law firm, who attempted to settle the case with Wal-Mart "[f]or nearly two years."

4

without knowledge of the county court-at-law's jurisdictional limits. Thus, Garcia's affidavit suggests that she would have filed the suit in county-court-at-law, *regardless* of the extent of Chacon's injuries, because she "assumed" the county court's jurisdictional limits were concurrent with the district court's limits, as in Nueces County.

In support of its motion for summary judgment, Wal-Mart attached the following: (1) Chacon's Original Petition in County Court-at-Law; (2) an excerpt of Chacon's deposition testimony establishing he had surgery in June 2004; (3) Chacon's Amended Original Petition; (4) Chacon's Second Amended Original Petition; (5) Chacon's response to Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction; (6) Garcia's June 19, 2007 affidavit; (7) Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction; and (8) the order granting Andrews Distributing and Sanchez's Motion to Dismiss for Lack of Jurisdiction.

### Chacon's Response

In his response to Wal-Mart's motion, Chacon argued that there was "a genuine fact issue" as to whether he filed his original petition with intentional disregard for proper jurisdiction. Chacon cites *Williamson v. John Deere Company*,[13] for the proposition that an attorney's affidavit, stating that the lack of complete diversity "did not sink into [his] mind" until after the complaint was filed, was sufficient to raise a fact question as to whether the plaintiff's initial filing was in intentional disregard of jurisdiction.[14] I disagree with Chacon that this case "is clearly similar to the *Williamson* case and unlike the *Parker* case." I also disagree that Chacon's evidence raised a fact question as to whether his

---

[13] 708 S.W.2d 38, 40 (Tex. App.–Tyler 1986, no writ).

[14] *See id.*

5

case was initially filed in county court as a result of a good faith mistake or in intentional disregard of jurisdiction.

Chacon points to three affidavits which he contends raise a fact issue as to whether the filing was done with intentional disregard of jurisdiction. The affidavit of Cindy Trigo establishes nothing about her knowledge—or lack thereof—regarding the jurisdictional limits of the county court-at-law. Garcia's affidavit establishes that she filed the petition "not knowing the full extent of Mr. Chacon's injuries." It does not explain why Trigo's knowledge of the extent of Chacon's injuries cannot be imputed to her. It does not state whether she made any attempt whatsoever to ascertain (from her colleagues at the firm) the extent of Chacon's injuries. The affidavit of the attorney who signed the petition, Kyzmyck D. Byerly, states only that when she signed the petition, she was not aware of the extent of Chacon's injuries.

## Discussion

At the hearing on Andrews Distributing and Sanchez's motion for summary judgment,[15] Byerly told the court:

> Neither myself, nor Debra Garcia who is a legal secretary there who drafted the actual petition, had worked on the file prior to that. So we—I was not aware when I signed the petition that—the extent of the plaintiff's injuries. I was given the petition. I looked over it real quickly. I signed it. And then it was filed in order to try to beat the statute of limitations, which was within a couple of days.
>
> It was filed in county court, at that time, unknowns [sic] to either of us the extent of injuries. And if you look at the original petition, granted the original petition does have Nueces County—we have the statute for Nueces County. That just goes to the thinking at the time that it was concurrent in

---

[15] At the hearing on Wal-Mart's motion for summary judgment on August 28, 2008, Byerly argued that the affidavits raised a fact issue that the persons who filed the suit in county court-at-law were unaware of the extent of Chacon's injuries. In granting summary judgment for Wal-Mart, the trial court noted that it "sees this motion [as] virtually identical to the one previously granted for the other Defendants, same facts, same issues."

jurisdiction, unlike—unfortunately, we were wrong in that. However, nowhere in that petition is there an amount in controversy even alleged that [sic]. It wasn't till [sic] after a special exceptions [sic] was filed by Wal-Mart to allege a known controversy, and only after the case was assigned to me when I was doing discovery, did—did I become aware of the extent of the plaintiff's injuries. And, at that time, I then amended my petition and alleged to put in an actual amount.

[Court]: Did anyone in your firm know the extent of plaintiff's injuries?

[Byerly]: I—I don't know. I think maybe Cindy might have known, the—the initial legal assistant. How much she knew, I'm not—Your Honor, I don't know how much she knew. I can only say that as far as myself, and I signed the petition, as well as the legal secretary, and all the affidavits are there, we were not aware that he had had surgery, or had to have surgery. And I believe at that time, my understanding is, he had some initial—some problem prior to the accident—

[Court]: Now, Cindy is what?

[Byerly]: Cindy's a legal assistant. . . . like I said, I don't know exactly what Cindy knew or didn't know at the time. . . . What Cindy knew or didn't know, I—I can't speak on her behalf. I do know that I did not work on the case, nor did Ms. Garcia work on the case.

[Court]: Well, but aren't you supposed to know, as the lawyer on the case?

[Byerly]: Yes, and like I said, it might have been a stupid mistake, . . . .

Chacon asserts that "[t]he error regarding the specific amount of controversy for Plaintiff Chacon is a mistake of fact, not one of law." Similarly, the majority concludes that there is "a fact issue as to whether Chacon or Garcia and Byerly knew of the amount in controversy when he filed suit in county court." I disagree. The facts in this case are not in dispute.[16] Here, Byerly's testimony establishes that as the lawyer responsible for the pleadings, she simply looked over the document "real quickly," and signed it— without any

---

[16] The majority states that "most of the facts in this case are settled, with the exception of whether the law firm's conduct amounted to intentional disregard as a matter of law." I respectfully disagree that "whether the law firm's conduct amounted to intentional disregard as a matter of law" raises a *fact* issue. Rather, it is a *legal issue*, requiring application of the undisputed facts to the meaning of section 16.064.

7

knowledge of the extent of Chacon's injuries, without any knowledge of the case, and without any attempt to obtain any information that others in the firm may have had. Given these facts, I do not believe that the initial filing of Chacon's petition in county court is the type of "good faith mistake" that invokes the application of section 16.064.[17] Whatever "good faith" means, surely it means that before signing a pleading, an attorney who has delegated duties to non-lawyers will make some effort to obtain pertinent information about the case that may be known by the non-lawyers. The rules of professional conduct state that a lawyer may delegate functions to paraprofessionals only insofar as "the lawyer *supervises* the delegated work, and *retains responsibility* for the work, and maintains a direct relationship with the client, . . . ."[18] Here, the lawyer who signed the pleading attempts to avoid responsibility by making it clear that neither she nor the legal assistant who drafted and filed the pleading actually "work[ed] on the case." By stating that the lawyer "retains responsibility" for delegated work, the professional rules prohibit such attempts to evade responsibility.[19] In the context of this case, "retain[ing] responsibility" means that the pertinent information obtained by a non-lawyer is imputed to the lawyer.

The majority states that the affidavits of Trigo, Garcia, and Byerly merely "illustrate the inner workings of the law firm and its personnel's misunderstandings." I disagree.

---

[17] *See Parker*, 216 S.W.3d at 909-10.

[18] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 5.05(b) cmt. 4, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9) (emphasis added).

[19] *See id.* 5.03 cmt. 1 ("Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants act for the lawyer in rendition of the lawyer's professional services. A lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and *should be responsible for their work product*. The measures employed in supervising non-lawyers should take account of the fact that they do not have legal training and are not subject to professional discipline.") (emphasis added).

These facts do not reflect a "misunderstanding." I agree with the trial court that "as the lawyer on the case," Byerly was "supposed to know" the relevant facts regarding the case. Based on the affidavits and testimony before us, the conduct here fell short of the professional rules.

## Conclusion

I would affirm the trial court's order granting summary judgment in Wal-Mart's favor in cause number 13-08-558-CV. I would also affirm the summary judgment in cause number 13-08-501-CV.

LINDA REYNA YAÑEZ,
Justice

Concurring and Dissenting Opinion delivered
and filed this the 13th day of August, 2009.